

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00001-CR

JUSTIN WRIGHT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 13-F-1055-005

Before Morriss, C.J., Moseley and Carter*, JJ.
Memorandum Opinion by Chief Justice Morriss

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Justin Wright attempts to appeal his conviction of murder. We dismiss Wright's appeal for want of jurisdiction because (1) Wright's notice of appeal was untimely and (2) Wright has no right to appeal because of his plea agreement with the State.

*(1)*      *Wright's Notice of Appeal Was Untimely*

We may consider a direct appeal only if it is filed within the timetables set out by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2, 26.2. A notice of appeal in a criminal case must be filed "within 30 days after the day sentence is imposed or suspended in open court." TEX. R. APP. P. 26.2(a)(1). That thirty-day deadline is extended to ninety days if a motion for new trial is timely filed in the trial court. TEX. R. APP. P. 26.2(a)(2). In the absence of a notice of appeal filed within that time frame, this Court has no jurisdiction to consider the appeal.

Wright's sentence was imposed July 14, 2014, after he pled guilty on that date to the charge of murder. Wright did not file a motion for new trial. Accordingly, the deadline for filing his notice of appeal was August 13, 2014. Wright's notice of appeal was file-stamped by the Bowie County District Clerk's Office November 5, 2014, and the envelope in which that notice was mailed is postmarked October 22, 2014. Even after we draw all reasonable inferences in Wright's favor, based on these facts, Wright did not meet the August 13, 2014, filing deadline. Thus, his appeal is untimely.

*(2)*     *Wright Has No Right To Appeal Because of His Plea Agreement with the State*

Moreover, the trial court certified that Wright's case was a plea-bargain case in which he had no right of appeal. The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)     . . . In a plea-bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)     those matters that were raised by written motion filed and ruled on before trial, or
> >
> > (B)     after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). This Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates there is no right of appeal. *See* TEX. R. APP. P. 25.2(d). Because this was a plea-bargain case in which the assessed punishment did not exceed the agreed-upon punishment recommendation, Wright would have no right of appeal even if he had timely filed a notice of appeal. *See* TEX. R. APP. P. 25.2(d).

On January 7, 2015, we informed Wright of the apparent defect in our jurisdiction over this appeal and afforded him the opportunity to respond and, if possible, to cure such defect. Wright did not respond to that letter.

Because Wright has not timely perfected his appeal and because his plea agreement prevents an appeal in any event, we dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 10, 2015
Date Decided:       March 11, 2015

Do Not Publish